## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | |
|---|---|
| JACOB REINING, Individually and For Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>CONSOLIDATED NUCLEAR SECURITY, LLC,<br><br>    Defendant. | Case No. 1:25-cv-00213<br><br>**Jury Trial Demanded** |

## ANSWER TO ORIGINAL CLASS ACTION COMPLAINT

Defendant Consolidated Nuclear Security, LLC ("CNS"), by and through its undersigned attorneys, hereby submits its answer to Plaintiff Jacob Reining's ("Plaintiff") Original Class Action Complaint and states as follows:

## SUMMARY

1.    Defendant admits that Plaintiff purports to bring a class action to recover overtime compensation pursuant to the New Mexico Minimum Wage Act. Defendant denies that Plaintiff or any of the individuals he purports to represent or otherwise include in this action are entitled to any relief whatsoever, denies that any class of similarly situated individuals exists, and denies that this case is suitable for class action treatment. Defendant denies any remaining allegations in Paragraph 1 of the Complaint.

2.    Defendant admits that Plaintiff was employed by CNS as a Lieutenant in the Pantex Protective Force and that Plaintiff worked short periods of time in New Mexico. Defendant is

without sufficient information as to form a belief as to remaining allegations in Paragraph 2, and therefore deny the same.

3.     Defendant admits that Plaintiff sometimes worked more than 40 hours a week. Defendant is without sufficient information as to form a belief as to the allegation pertaining to Punitive Class Members as defined by Plaintiff, and therefore denies the same. Defendant denies all remaining allegations in Paragraph 3 of the Complaint.

4.     Defendant admits that it did not pay an overtime rate of 1.5x to Plaintiff, except when Plaintiff was deployed as part of a strike contingency force as referenced in Paragraph 20, footnote 1 of the Complaint. Defendant, however, expressly denies that it has any obligation to pay Plaintiff of any other Putative Class Member time-and-a-half overtime. Defendant denies that Plaintiff or any of the individuals he purports to represent or otherwise include in this action are entitled to any relief whatsoever, denies that any class of similarly situated individuals exists, and denies that this case is suitable for class action treatment. Defendant denies any remaining allegations in Paragraph 4 of the Complaint.

5.     Defendant denies the allegations in Paragraph 5 of the Complaint.

6.     Defendant admits that it paid Reining a biweekly salary in addition to "Exempt OT" for hours worked in excess of 40 in a week, as well as a "shift premium." Defendant denies that Plaintiff or any of the individuals he purports to represent or otherwise include in this action are entitled to any relief whatsoever, denies that any class of similarly situated individuals exists, and denies that this case is suitable for class action treatment. Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

7.     Defendant admits that it paid Plaintiff a biweekly salary covering all hours worked, and in addition to that salary paid "Exempt OT" for each hour worked in excess of 40 in a week. Defendant denies the remaining allegations in Paragraph 7 of the Complaint.

8.     Defendant denies the allegations in Paragraph 8 of the Complaint.

9.     Defendant denies the allegations in Paragraph 9 of the Complaint.

10.     Paragraph 10 assumes that the reasonable relationship test applies to Plaintiff's situation, which is a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 10 of the Complaint.

11.     Defendant denies the allegations in Paragraph 11 of the Complaint.

12.     Defendant admits that Plaintiff purports to bring a class action pursuant to the New Mexico Minimum Wage Act and New Mexico Rules of Civil Procedure. Defendant denies that Plaintiff or any of the individuals he purports to represent or otherwise include in this action are entitled to any relief whatsoever, denies that any class of similarly situated individuals exists, and denies that this case is suitable for class action treatment. Defendant denies any remaining allegations in Paragraph 12 of the Complaint.

## JURISDICTION & VENUE

13.     Paragraph 13 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the same. Defendant has removed this action to the United States District Court for the District of New Mexico.

14.     Paragraph 14 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the same. Defendant has removed this action to the United States District Court for the District of New Mexico.

3

15.    Paragraph 15 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the same. Defendant has removed this action to the United States District Court for the District of New Mexico.

16.    Paragraph 16 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the same.

17.    Paragraph 17 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the same. Defendant has removed this action to the United States District Court for the District of New Mexico.

18.    Paragraph 18 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant incorporates by reference its Notice of Removal. To the extent that any further response is required, Defendant denies that Plaintiff or any of the individuals he purports to represent or otherwise include in this action are entitled to any relief whatsoever, denies that any class of similarly situated individuals exists, denies that this case is suitable for class action treatment, and denies any remaining allegations in Paragraph 18 of the Complaint.

## **PARTIES**

19.    Defendant admits that Plaintiff was employed by CNS as a Lieutenant in the Pantex Protective Force during the three years preceding the filing of his Complaint, through the end of October 2024, and that he was employed by CNS as a Security Police Officer II from July 1, 2014 until such time as he became a Lieutenant. Defendant denies the remaining allegations in Paragraph 19 of the Complaint.

4

20.    Defendant admits that, during his employment, Plaintiff performed almost all his work in Texas but was on occasion assigned for a few days to participate in training at locations in New Mexico, Wisconsin, and Kentucky. Defendant denies the remaining allegations in Paragraph 20 of the Complaint.

21.    Defendant denies the allegations in Paragraph 21 of the Complaint.

22.    Defendant admits that it did not pay an overtime rate of 1.5x to Plaintiff. Defendant, however, expressly denies that it has any obligation to pay Plaintiff time-and-a-half overtime and denies that it paid him hourly. Defendant denies the remaining allegations in Paragraph 22 of the Complaint.

23.    Defendant admits that Plaintiff purports to bring this action on behalf of himself and a group of purportedly similarly situated individuals. Defendant denies that Plaintiff or any of the individuals he purports to represent or otherwise include in this action are entitled to any relief whatsoever, denies that any class of similarly situated individuals exists, and denies that this case is suitable for class action treatment. Defendant denies the remaining allegations in Paragraph 23 of the Complaint.

24.    Defendant admits that Plaintiff purports to bring this lawsuit as a class action as described in Paragraph 24, but denies that Plaintiff or any of the individuals he purports to represent or otherwise include in this action are entitled to any relief whatsoever, denies that any class of similarly situated individuals exists, and denies that this case is suitable for class action treatment. Defendant denies the remaining allegations in Paragraph 24 of the Complaint.

25.     Defendant admits that CNS is a Delaware limited liability company with its principal place of business in Oak Ridge, Tennessee. Defendant denies the remaining allegations in Paragraph 25 of the Complaint.

26.     Defendant admits it may be served with process through its registered agent United Agent Group Inc.

## FACTS

27.     Defendant admits the allegations in Paragraph 27 of the Complaint.

28.     Defendant admits that it employed Plaintiff as a member of the Pantex Protective Force. Defendant denies that Plaintiff or any of the individuals he purports to represent or otherwise include in this action are entitled to any relief whatsoever, denies that any class of similarly situated individuals exists, and denies that this case is suitable for class action treatment. Defendant denies the remaining allegations in Paragraph 28 of the Complaint.

29.     Defendant admits that it classified Plaintiff as exempt from overtime. Defendant denies that it paid Plaintiff hourly, and denies the remaining allegations in Paragraph 29 of the Complaint.

30.     Defendant admits that it paid Reining a biweekly salary in addition to "Exempt OT" for hours worked in excess of 40 in a week, as well as a "shift premium." Defendant denies that Plaintiff or any of the individuals he purports to represent or otherwise include in this action are entitled to any relief whatsoever, denies that any class of similarly situated individuals exists, and denies that this case is suitable for class action treatment. Defendant denies the remaining allegations in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations in Paragraph 31 of the Complaint.

32.     Defendant admits that Plaintiff was employed by CNS as a Lieutenant in the Pantex Protective Force from March 2018 through October 2024. Defendant admits it employed Plaintiff as a Security Police Officer II from July 1, 2014 until he became a Lieutenant. Defendant denies the remaining allegations in Paragraph 32 of the Complaint.

33.     Defendant admits that Plaintiff performed almost all of his work in Texas and occasionally was assigned to work for short periods of time at other locations that have included New Mexico, Kentucky, and Wisconsin. Defendant denies any remaining allegations in Paragraph 33 of the Complaint.

34.     Defendant admits the allegations in Paragraph 34 of the Complaint.

35.     Defendant admits, upon information and belief, that Plaintiff reported his hours worked to CNS. Defendant lacks knowledge as to whether Plaintiff actually worked the alleged hours Plaintiff reported, and on that basis denies the allegations in Paragraph 35 of the Complaint.

36.     Defendant admits that it classified Plaintiff as exempt from overtime. Defendant denies that it misclassified Plaintiff, denies that it paid him hourly, and denies the remaining allegations in Paragraph 36 of the Complaint.

37.     Defendant admits that, in 2024, it paid Plaintiff a biweekly salary of $3,926.27, a shift premium of $4.91 per hour, and additional pay of $49.08 per hour for hours worked in excess of 40 in a week. Defendant denies any remaining allegations in Paragraph 37.

38.     Defendant admits that Plaintiff's biweekly salary was the same for weeks in which he worked under 40 hours and weeks in which he worked over 40 hours. Defendant denies the remaining allegations in Paragraph 38 of the Complaint.

39.     Defendant admits that it paid Reining a "shift premium" of $4.91 per hour in 2024. Defendant denies the remaining allegations in Paragraph 39 of the Complaint.

40.     Defendant admits that the above screenshot purports to show Plaintiff's earnings for one pay period, although the screenshot is undated. Therefore, Defendant denies the allegations in Paragraph 40 of the Complaint.

41.     Defendant denies the allegations in Paragraph 41 of the Complaint.

42.     Defendant denies the allegations in Paragraph 42 of the Complaint.

43.     Defendant denies it paid Plaintiff hourly. Defendant denies that Plaintiff or any of the individuals he purports to represent or otherwise include in this action are entitled to any relief whatsoever, denies that any class of similarly situated individuals exists, and denies that this case is suitable for class action treatment. Defendant denies the remaining allegations in Paragraph 43 of the Complaint.

44.     Paragraph 44 sets forth a legal conclusion to which no response in required. To the extent a response is required, Defendant denies the allegations in Paragraph 44 of the Complaint.

45.     Defendant admits that the above screenshot purports to show Plaintiff's "2023 earnings through December 24, 2023," although the screenshot is undated. Therefore, Defendant denies the allegations in Paragraph 45 of the Complaint.

46.     Paragraph 46 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 46 of the Complaint.

47.     Defendant denies the allegations in Paragraph 47 of the Complaint.

48.     Defendant admits the referenced paystub purports to show 9 hours of unpaid absence, but denies that any pay was deducted for any such absence. Defendant denies the remaining allegations in Paragraph 48 of the Complaint.

49.     Defendant denies that Plaintiff or any of the individuals he purports to represent or otherwise include in this action are entitled to any relief whatsoever, denies that any class of similarly situated individuals exists, and denies that this case is suitable for class action treatment. Defendant denies the remaining allegations in Paragraph 49 of the Complaint.

50.     Defendant denies the allegations in Paragraph 50 of the Complaint.

51.     Defendant admits that CNS set the schedule for Plaintiff and other Pantex Protective Force supervisors. Defendant denies that Plaintiff or any of the individuals he purports to represent or otherwise include in this action are entitled to any relief whatsoever, denies that any class of similarly situated individuals exists, and denies that this case is suitable for class action treatment. Defendant denies the remaining allegations in Paragraph 51 of the Complaint.

52.     Defendant admits that its records reflect the hours that Plaintiff reported he allegedly worked. Defendant denies that Plaintiff or any of the individuals he purports to represent or otherwise include in this action are entitled to any relief whatsoever, denies that any class of similarly situated individuals exists, and denies that this case is suitable for class action treatment. Defendant denies the remaining allegations in Paragraph 52 of the Complaint.

53.     Defendant denies the allegations in Paragraph 53 of the Complaint.

54.     Defendant admits that Plaintiff seeks to represent a putative class as he proposes to define in Paragraph 24 of the Complaint. Defendant admits that it paid Plaintiff a salary, in addition to "Exempt OT" and a "shift premium." Defendant denies that Plaintiff or any of the individuals

he purports to represent or otherwise include in this action are entitled to any relief whatsoever, denies that any class of similarly situated individuals exists, and denies that this case is suitable for class action treatment. Defendant denies the remaining allegations in Paragraph 54 of the Complaint.

55.    Paragraph 55 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 55 of the Complaint.

56.    Paragraph 56 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 56 of the Complaint.

57.    Paragraph 57 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 57 of the Complaint.

58.    Paragraph 58 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 58 of the Complaint.

59.    Paragraph 59 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 59 of the Complaint.

60.    Paragraph 60 states a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 60 of the Complaint.

61.    Defendant denies the allegations in Paragraph 61 of the Complaint.

62.    Defendant denies the allegations in Paragraph 62 of the Complaint.

63.    Defendant denies the allegations in Paragraph 63 of the Complaint.

64.    Defendant denies the allegations in Paragraph 64 of the Complaint.

65.    Defendant denies the allegations in Paragraph 65 of the Complaint.

66.    Defendant denies the allegations in Paragraph 66 of the Complaint.

67.     Defendant denies the allegations in Paragraph 67 of the Complaint.

68.     Defendant denies the allegations in Paragraph 68 of the Complaint.

69.     Paragraph 69 sets forth a legal conclusion to which no response in required. To the extent a response is required, Defendant denies the allegations in Paragraph 69 of the Complaint.

70.     Defendant denies the allegations in Paragraph 70 of the Complaint.

## CLASS ACTION ALLEGATIONS

71.     Defendant admits that Plaintiff purports to bring this lawsuit as a class action under New Mexico Rule 1-023 on behalf of himself and a group of purportedly similarly situated individuals. Defendant denies that Plaintiff or any of the individuals he purports to represent or otherwise include in this action are entitled to any relief whatsoever, denies that any class of similarly situated individuals exists, and denies that this case is suitable for class action treatment. Defendant denies the remaining allegations in Paragraph 71 of the Complaint.

72.     Defendant denies the allegations in Paragraph 72 of the Complaint.

73.     Defendant lacks knowledge as to what other individuals may or may not have "indicated" to Plaintiff, and on that basis denies the allegations in Paragraph 73 of the Complaint. Defendant denies that it engaged in any unlawful practices. Defendant denies that Plaintiff or any of the individuals he purports to represent or otherwise include in this action are entitled to any relief whatsoever, denies that any class of similarly situated individuals exists, and denies that this case is suitable for class action treatment. Defendant denies any remaining allegations in Paragraph 73 of the Complaint.

74.     Defendant lacks knowledge as to what Plaintiff believes he is "aware" of, and on that basis denies the allegations in Paragraph 74. Defendant denies that it engaged in any unlawful

11

practices. Defendant denies that Plaintiff or any of the individuals he purports to represent or otherwise include in this action are entitled to any relief whatsoever, denies that any class of similarly situated individuals exists, and denies that this case is suitable for class action treatment. Defendant denies any remaining allegations in Paragraph 74 of the Complaint.

75.    Paragraph 75 sets forth a legal conclusion to which no response in required. To the extent a response is required, Defendant denies the allegations in Paragraph 75 of the Complaint.

76.    Paragraph 76 sets forth a legal conclusion to which no response in required. To the extent a response is required, Defendant denies the allegations in Paragraph 76 of the Complaint.

77.    Paragraph 77 sets forth a legal conclusion to which no response in required. To the extent a response is required, Defendant admits that the job duties and locations of Putative Class Members vary, and Defendant denies the remaining allegations in Paragraph 77 of the Complaint.

78.    Paragraph 78 sets forth a legal conclusion to which no response in required. To the extent a response is required, Defendant denies the allegations in Paragraph 78 of the Complaint.

79.    Paragraph 79 sets forth a legal conclusion to which no response in required. To the extent a response is required, Defendant denies the allegations in Paragraph 79 of the Complaint.

80.    Paragraph 80 sets forth a legal conclusion to which no response in required. To the extent a response is required, Defendant denies the allegations in Paragraph 80 of the Complaint.

81.    Paragraph 81 sets forth a legal conclusion to which no response in required. To the extent a response is required, Defendant denies the allegations in Paragraph 81 of the Complaint.

82.    Paragraph 82 sets forth a legal conclusion to which no response in required. To the extent a response is required, Defendant denies the allegations in Paragraph 82 of the Complaint.

83.    Paragraph 83 sets forth a legal conclusion to which no response in required. To the extent a response is required, Defendant lacks knowledge as to what Plaintiff's interests are, and on that basis denies the allegations in Paragraph 83 of the Complaint and denies that this matter is appropriate for class action treatment.

84.    Paragraph 84 sets forth a legal conclusion to which no response in required. To the extent a response is required, Defendant admits that Plaintiff seeks allegedly unpaid wages, and Defendant denies that this matter is appropriate for class action treatment. Defendant denies any remaining allegations in Paragraph 84 of the Complaint.

85.    Paragraph 85 sets forth a legal conclusion to which no response in required. To the extent a response is required, Defendant denies that this matter is appropriate for class action treatment, and therefore denies the allegations in Paragraph 85 of the Complaint.

86.    Paragraph 86 sets forth a legal conclusion to which no response in required. To the extent a response is required, Defendant denies that this matter is appropriate for class action treatment and denies that it violated the NMMWA. Defendant denies the remaining allegations in Paragraph 86 of the Complaint.

87.    Paragraph 87 sets forth a legal conclusion to which no response in required. To the extent a response is required, Defendant denies that this matter is appropriate for class action treatment, and therefore, denies the allegations in Paragraph 87 of the Complaint.

88.    Paragraph 88 sets forth a legal conclusion to which no response in required. To the extent a response is required, Defendant denies that this matter is appropriate for class action treatment, and therefore, denies the allegations in Paragraph 88 of the Complaint.

89.     Paragraph 89 sets forth a legal conclusion to which no response in required. To the extent a response is required, Defendant denies the allegations in Paragraph 89 of the Complaint.

90.     Paragraph 90 sets forth a legal conclusion to which no response in required. To the extent a response is required, Defendant denies the allegations in Paragraph 90 of the Complaint.

91.     Paragraph 91 sets forth a legal conclusion to which no response in required. To the extent a response is required, Defendant denies that Plaintiff or any of the individuals he purports to represent or otherwise include in this action are entitled to any relief whatsoever, denies that any class of similarly situated individuals exists, denies that this case is suitable for class action treatment, and denies any remaining allegations in Paragraph 91 of the Complaint.

## CAUSE OF ACTION

### FAILURE TO PAY OVERTIME WAGES UNDER THE NMMWA
### (CLASS ACTION)

92.     Defendant admits that Plaintiff purports to bring this action for alleged violations of the NMMWA on behalf of himself and a putative class. Defendant denies that Plaintiff or any of the individuals he purports to represent or otherwise include in this action are entitled to any relief whatsoever, denies that any class of similarly situated individuals exists, and denies that this case is suitable for class action treatment. Defendant denies the remaining allegations in Paragraph 92 of the Complaint.

93.     Paragraph 93 sets forth a legal conclusion to which no response in required. To the extent a response is required, Defendant denies that is violated the NMMWA and any remaining allegations in Paragraph 93 of the Complaint.

94.    Paragraph 94 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that it was an employer within the meaning of the NMMWA. Defendant denies any remaining allegations in Paragraph 94 of the Complaint.

95.    Paragraph 95 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 95 of the Complaint.

96.    Paragraph 96 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that Plaintiff was its employee. Defendant, however, denies that Plaintiff or any of the individuals he purports to represent or otherwise include in this action are entitled to any relief whatsoever, denies that any class of similarly situated individuals exists, and denies that this case is suitable for class action treatment. Defendant denies the remaining allegations in Paragraph 96 of the Complaint.

97.    Paragraph 97 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 97 of the Complaint.

98.    Paragraph 98 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 98 of the Complaint.

99.    Paragraph 99 sets forth a legal conclusion to which no response in required. To the extent a response is required, Defendant denies the allegations in Paragraph 99 of the Complaint.

100.    Defendant denies the allegations in Paragraph 100 of the Complaint.

101.    Paragraph 101 sets forth a legal conclusion to which no response in required. To the extent a response is required, Defendant denies the allegations in Paragraph 101 of the Complaint.

102.    Defendant denies the allegations in Paragraph 102 of the Complaint.

103.    Defendant denies the allegations in Paragraph 103 of the Complaint.

## JURY DEMAND

104.    Paragraph 104 of the Complaint contains a jury demand, to which no response is required. To the extent a response is required, Defendant admits Plaintiff demands a jury

## RELIEF SOUGHT

Reining, individually, and on behalf of the Putative Class Members, seeks the following relief:

a.    An Order designating this lawsuit as a class action and certifying the Putative Class pursuant to Rule 1-023;

b.    An Order designating Reining and his counsel to represent the interests of the Putative Class;

c.    An Order finding CNS liable to Reining and the other Putative Class Members for all unpaid overtime wages owed under the NMMWA, plus treble damages in an amount equal to two times their unpaid overtime wages;

d.    A Judgment against CNS awarding Reining and the other Putative Class Members all their unpaid overtime compensation, other damages, and penalties available under the NMMWA;

e.    An Order awarding attorney's fees, costs, and expenses;

f.    Pre- and post-judgment interest at the highest applicable rates; and

g.    Such other and further relief as may be necessary and appropriate.

## ANSWER:

To the extent that Plaintiff's prayer for relief as stated in the "Relief Sought" Paragraph or subparagraph a. through g. requires a response, Defendant denies that Plaintiff or any of the individuals he purports to represent or otherwise include in this action are entitled to any relief whatsoever, denies that any class of similarly situated individuals exists, denies that this case is suitable for class action treatment, and denies the entirety of Plaintiff's claims under the NMMWA

16

or any other applicable law. Defendant denies the remaining allegations in the "Relief Sought" Paragraph or subparagraphs a. through g. of the Complaint.

## GENERAL DENIAL

All allegations in the Complaint not specifically admitted or denied above, are herein denied by Defendant.

## AFFIRMATIVE AND OTHER DEFENSES

In asserting the defenses that follow, Defendant does not assume any burden of production or proof that it would not otherwise have. In addition, Defendant is continuing to investigate Plaintiff's allegations and, therefore, reserves the right to amend its Answer and defenses.

## FIRST DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which the relief sought may be granted.

## SECOND DEFENSE

At all times relevant and material to this matter, Plaintiff and the members of the purported class he seeks to include or represent in this lawsuit were paid in compliance with the New Mexico Minimum Wage Act, N.M.S.A. § 50-4-21(C)(1), and the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (including, but not limited to, the FLSA's overtime provisions, *see* 29 U.S.C. § 207).

## THIRD DEFENSE

Plaintiff's claims, as well as those of the members of the purported class he purports to include or represent in this lawsuit, are barred, in whole or in part, by the applicable statutes of limitations. To the extent that Defendant engaged in any acts or omissions found to be in violation

of the law, such acts or omissions were not part of a continuing course of conduct. Therefore, the statute of limitations is three years.

## FOURTH DEFENSE

Plaintiff's claims, as well as those of the members of the purported class he seeks to include or represent in this lawsuit, are barred because Plaintiff and the purported class action members are exempt from the overtime requirements of the New Mexico Minimum Wage Act and the FLSA pursuant to the executive, administrative, professional, highly compensated employee, and/or combination exemptions.

## FIFTH DEFENSE

This action cannot be maintained as a class action pursuant to Rule 1-023 of the New Mexico Rules of Civil Procedure or Rule 23 of the Federal Rules of Civil Procedure. Plaintiff lacks standing to pursue claims on behalf of other employees or former employees because those employees are not similarly situated and not subject to or covered by New Mexico law.

## SIXTH DEFENSE

Defendant at all times, in all manners, acted in accordance with its duties and obligations under the New Mexico Minimum Wage Act and all other relevant laws.

## SEVENTH DEFENSE

Plaintiff and the members of the purported class he seeks to include or represent in this lawsuit have received full payment for all work performed for Defendant.

**EIGHTH DEFENSE**

In the alternative, if necessary, Defendant states that their respective actions with respect to Plaintiff and the members of the purported class he seeks to include or represent in this lawsuit were taken in good faith with reasonable grounds to believe such conduct comported with permissible interpretations of the New Mexico Minimum Wage Act.

**NINTH DEFENSE**

Subject to proof through discovery, Plaintiff's claims, as well as those of the members of the purported class he seeks to include or represent in this lawsuit, are barred and/or subject to offset, set-off, recoupment and/or reduction to the extent that Plaintiff, or the members of any putative class, received overpayments.

**TENTH DEFENSE**

Subject to proof through discovery, Plaintiff's claims, as well as those of the members of the purported class he seeks to include or represent in this lawsuit, are barred by the doctrines of laches, waiver, and/or estoppel.

**ELEVENTH DEFENSE**

Defendant avers that some or all of Plaintiff's claims and those of members of the putative class Plaintiff seeks to include or represent in this lawsuit are barred by the doctrine of accord and satisfaction. Specifically, Plaintiff and the putative class members were properly and fully compensated for all work performed for Defendant, and acceptance of these payments or any other payment for work performed constituted an accord and satisfaction for all debts, if any, owed by Defendant.

### TWELFTH DEFENSE

Plaintiff's claims and those of members of the putative class Plaintiff seeks to include or represent in this lawsuit are barred in whole or in part to the extent that any of them consented to the relevant actions or entered into a valid release in relation to the subject claims.

### THIRTEENTH DEFENSE

To the extent that Defendant is held liable for any unpaid overtime to Plaintiff or any of the individuals he purports to represent or otherwise include in this lawsuit, such amounts should be calculated on a half-time basis because they received a salary intended to compensate them for all of the hours they worked each week, whether few or many.

### FOURTEENTH DEFENSE

Any or all of Defendant's affirmative and additional defenses may also apply to any claims alleged by any member of Plaintiff's proposed class.

### FIFTEENTH DEFENSE

Plaintiff's claims and those of the putative class Plaintiff seeks to include or represent in this lawsuit may be preempted, in whole or in part, by federal law.

### SIXTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the New Mexico Minimum Wage Act cannot apply to actions or work conducted outside of New Mexico.

### ADDITIONAL DEFENSES

Defendant presently has insufficient knowledge or information on which to form a belief as to whether they may have additional, as yet unstated, defenses available. Defendant reserves the

right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

WHEREFORE, Defendant respectfully request that this Court enter judgment in its favor against Plaintiff as follows:

1.    That Plaintiff takes nothing by his Original Class Action Complaint;

2.    That judgment be entered in favor of Defendant and against Plaintiff on the causes of action included in the Original Class Action Complaint;

3.    That Defendant be awarded reasonable attorneys' fees according to proof;

4.    That Defendant be awarded the costs of suit incurred herein; and

5.    That Defendant be awarded such other and further relief as the Court may deem appropriate.

Dated: March 7, 2025                Respectfully submitted,

RODEY, DICKASON, SLOAN, AKIN & ROBB, P.A.

By  /s/ Samantha M. Hults
    Samantha M. Hults
    Post Office Box 1888
    Albuquerque, New Mexico  87103
    (505) 765-5900 / (505) 768-7395 [fax]
    shults@rodey.com

    *Attorney for Defendant Consolidated Nuclear Security, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on this day, the 7th of March, 2025, I filed the foregoing document via the Court's electronic filing system, which will accomplish service upon all counsel of record.

*/s/ Samantha M. Hults*
Samantha M. Hults

22

316419703v.4